UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:05-CV-3-R

G.D. DEAL HOLDINGS, INC., et. al.,                                                          PLAINTIFFS

v.

BAKER ENERGY, INC, et. al.,                                                                  DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Intervenor Plaintiff Cincinnati Insurance Company's ("CIC") Motion to Amend or Correct its Intervenor Complaint (Docket #82) in order to assert a declaratory judgment against the Plaintiffs. The Plaintiffs, G.D. Deal Holdings, Inc. ("GD Deal") and Girkin Development LLC ("Girkin") have to responded to CIC's motion (Docket #90) requesting that the Court decline to grant CIC's motion. CIC has replied to the Plaintiffs' response (Docket #93). This matter is now ripe for adjudication. For the following reasons, the Intervenor Plaintiff's motion to amend or correct its complaint is **GRANTED**.

**DISCUSSION**

CIC seeks to amend its complaint in order to assert a declaratory judgment action against the Plaintiffs to determine the status of bonds issued by CIC to Defendant Baker Energy, Inc. ("Baker") whereby CIC agreed to act as a surety for Baker. The Plaintiffs contend that the Court should deny the motion because the Court need not exercise jurisdiction over the declaratory judgment. In particular, the Plaintiffs argue that a declaratory judgment in this matter: would not serve a useful purpose; would constitute procedural fencing; and would not represent the most efficient means to resolve the dispute between the parties.

When determining whether a case is appropriate for declaratory judgment, the Sixth Circuit Court of Appeals mandates that district courts consider five (5) factors, which include:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) ("*Bituminous*") (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)); *see also Amsouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). The Court shall address each of these factors individually.

### 1. Whether the Judgment would Settle the Controversy

In *Bituminous*, the Court examined whether the federal district court should have considered a declaratory judgment action filed by an insurer against an insured regarding whether or not the plaintiff in the underlying state court personal injury action was an employee of the insured. *Bituminous*, 373 F.3d at 813. At the time the district court considered the declaratory judgment, the status of the plaintiff's employment was being considered by two (2) independent state courts; the Ohio County Circuit Court and the Kentucky Department of Workers' Claims. *Id.* Prior to the final decision issued by the district court, both state courts determined that the plaintiff was not an employee of the insured; however, the district court determined that he was an employee. *Id.* at 814. The Court in *Bituminous* held that the district court's finding that the plaintiff was an employee did not settle the controversy because it complicated the underlying issues of liability due to the fact that its decision reached a different conclusion than the two (2) state court proceedings. *Id.*

In the instant matter, unlike *Bituminous*, no state court addressing the issues from this case. Accordingly, the Court finds that the first factor weighs in favor of the Court considering the Intervenor Plaintiff's petition for declaratory judgment, and therefore, granting the motion to amend.

## 2. Whether the Declaratory Judgment Action would Serve a Useful Purpose in Clarifying the Legal Relations at Issue

In *Bituminous*, the Court held that a declaratory judgment action would not clarify the legal relations between the parties because even after the district court reached its decision, the legal relationship between the employer and employee was not clear in the underlying state action. *Bituminous* at 814. In reaching this holding, the Court in *Bituminous* emphasized that the employment status of Shields, the employee in that matter, was not resolved by the declaratory judgment because of the contrary state court decisions, and that an adverse judgment against the employer in the state court action could still leave the insurer liable to the employee if Shields filed a collection suit against the insurer. *Id.*

Here, in contrast to *Bituminous*, a declaratory judgment action would clarify the legal relations between the parties, as both sides recognize a dispute over whether or not GD Deal and Girkin would be entitled to recover under the bonds issued by CIC. Further, there is no state court decision that would go contrary to a Court decision on this matter. Accordingly, the Court finds that the second factor weighs in favor of the Court considering the Plaintiff's petition for declaratory judgment, and therefore, granting the motion to amend.

## 3. Whether the Declaratory Remedy is being used merely for the Purpose of "Procedural

### Fencing" or "to provide an Arena for a Race for Res Judicata"

Similar to *Bituminous*, there is no indication that CIC is forum shopping. Accordingly, the Court finds that the third factor weighs in favor of the Court considering the Intervenor Plaintiff's petition for declaratory judgment, and therefore, granting the motion to amend.

### 4. Whether the use of a Declaratory Action would increase the Friction between our Federal and State Courts and Improperly Encroach on State Jurisdiction

In *Bituminous*, the Court stated that there are three additional factors district courts should consider when determining whether a declaratory judgment action would increase friction between federal and state courts. These include:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous* at 814-15 (quoting *Scottsdale*, 211 F.3d at 968). As noted *supra*, there is no state trial court decision that could interfere with and/or contradict a decision by the Court in this matter. Accordingly, the Court finds that the fourth factor weighs in favor of the Court considering the Intervenor Plaintiff's petition for declaratory judgment, and therefore, granting the motion to amend.

### 5. Whether there is an Alternative Remedy that is Better or More Effective

The Plaintiffs contend that a remedy under FRCP 65.1 would be more effective and efficient in this matter.  Essentially, the Plaintiffs request for the Court to wait until after it resolves the liability between the Plaintiffs and Baker before determining the dispute between the Plaintiffs and CIC.  However, as argued by CIC, the Court may also consider this matter alongside with its determination on the liability between the Plaintiffs and the Defendants concerning the leasing of the properties.  As such, the Court may use its discretion to determine when it should consider the bond issue between the parties.  Accordingly, this factor neither weighs in favor nor against the Court considering the Intervenor Plaintiff's petition for declaratory judgment.

In looking collectively at five (5) factors set out by the Court in *Bituminous*, the Court finds that these factors weigh in favor of the Court considering the Intervenor Plaintiff's petition for declaratory judgment, and therefore, granting the motion for summary judgment as four (4) out of the five (5) factors support consideration by the Court on this matter.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Intervenor Plaintiff's Motion to Amend or Correct its Complaint (Docket #82) is **GRANTED**.