UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:05-CV-3-R

G.D. DEAL HOLDINGS, INC., et. al.,                               PLAINTIFFS

v.

CINCINNATI INSURANCE COMPANY                          INTERVENOR PLAINTIFF

v.

BAKER ENERGY, INC, et. al.,                                      DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Motion to Vacate/Alter or Amend and/or Motion for Relief from Judgment pursuant to FRCP 59 and FRCP 60 (Docket #105), in response to the Court's May 11, 2007 Memorandum Opinion and Order (Dockets #98 & #99). The Plaintiffs have responded to the Defendants' motion (Docket #114) and the Defendants have replied to that response (Docket #115). This matter is now ripe for adjudication. For the following reasons, the Defendants' motions are **DENIED**, and pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b), the Court finds that the Memorandum Opinion and Order of May 11, 2007 (Dockets #98 & #99) constitute a **FINAL JUDGMENT** between the parties, and therefore, are final and appealable.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider

additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834.  A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

Under Federal Rule of Civil Procedure 60(b), a party must show either: mistake under subsection (1); newly discovered evidence under subsection (2);  fraud under subsection (3); show that the judgment is void as required by subsection (4); show that the judgment should not have prospective application as required by subsection (5); or show any exceptional circumstances justifying relief under subsection (6), in order to receive relief from judgment.  FRCP 60(b); *Walker v. Lifeskills, Inc.*, 56 Fed. Appx. 251 (6th Cir. 2003).  However, "[t]he standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998).  One of the six (6) specified circumstances must exist in order for the Court to even consider granting such relief. *Id.*

## DISCUSSION

The Defendants' motion contests two (2) issues that the Court previously addressed in the May 11, 2007 Memorandum Opinion.

First, the Defendants contend that factual issues exist as to whether or not the Plaintiffs overcharged the Defendants rent on certain properties leased to the Defendants, amounting to $752,253.82, as of January 2005.  However, the Court addressed this matter in great detail in its May 11, 2007 Memorandum Opinion.  The Court noted that the Defendants did "not elaborate on this issue except to state that the overcharge caused the Defendants 'severe financial distress,'" and that Defendant Baker Energy, Inc. had "not responded to the Plaintiff's motion

for summary judgment." The Court also stated that "none of the Defendants have provided any evidence to support the claim that the Plaintiff overcharged Baker in excess of $752,253.82." Here, the Defendants are attempting to re-litigate this matter, which is precluded under FRCP 59(e). *GenCorp*, 178 F.3d at 834. The Defendants had ample opportunity to address this matter in its response to the Plaintiffs' motion for summary judgment, yet chose not to do so. In addition, the affidavits by the Defendants in this matter do not bring to light any new facts that would alter the decision by the Court. The Court finds no reason why it should vacate, alter or amend its previous memorandum opinion addressing this matter. Accordingly, the Defendants are not entitled to relief in this matter under FRCP 59 or FRCP 60.

      The second issue raised by the Defendants is that to the best of their knowledge all the store locations that are subject to the lease agreement have been sold, and therefore, the Plaintiffs would make a double recovery on them if the Court permitted the Plaintiffs to recover accelerated rent payments. However, the facts indicate that the Plaintiffs have not recovered on the sale of any of the properties, as most of the properties were sold in foreclosure sales initiated by GE Capital Franchise Finance Corporation, the company who had a security interest in the properties. In addition, the recovery on the sale of properties, which is the profit made after a property is sold, differs from the recovery of accelerated rent payments, which constitute lost future profits of rent payments due to the Defendants' breach of contract. Here, the lease signed between the Plaintiff, GD Deal Holdings, Inc., and the Defendants, entitled the Plaintiff to the recovery of accelerated rent payments should the Defendants breach their contract. Accordingly, the Court finds that the Plaintiffs would not receive a double recovery for the accelerated rent payments, and therefore, the Defendants are not entitled to relief on this issue under FRCP 59 or

FRCP 60.

Lastly, pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b), the Court finds that the Memorandum Opinion and Order of May 11, 2007 constitute a final judgment between the Plaintiffs and Defendants, as there are no more issues to be resolved between these parties; therefore, in the interest of justice, the Court finds the that May 11, 2007 Memorandum Opinion and Order are final and appealable.

Under Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b), the Court may certify issues decided in a motion for summary judgment as final for purposes of an appeal. *See Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60-61 (6th Cir. 1986); *Curry v. Scott*, 249 F.3d 493, 499 (6th Cir. 2001); *see also* Fed.R.Civ.R. 54(b)(stating "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").

While the third party claims of Intervenor Plaintiff, Cincinnati Insurance Company, have not been resolved, all the claims between the Plaintiffs and Defendants, the main parties in this matter, were addressed and resolved by the May 11, 2007 Memorandum Opinion and Order.  In addition, entering final judgment in this matter will permit the Plaintiffs to act upon the findings of law issued by the Court in its memorandum opinion and order by allowing the Plaintiffs to (1) enforce their judgment against the Defendants and (2) prevent the possible fraudulent transfer of assets by the individual Defendants.  Further, by entering a final judgment on this matter, the Motion for Temporary Restraining Order (Docket #120) filed by the Plaintiffs becomes moot,

4

and therefore, the Court would not have to possibly interfere with assets located outside of the Western District of Kentucky.

Additionally, on June 12, 2007, the Court had a telephonic conference with all the parties in this matter, including the Intervenor Plaintiff. The Court notes that none of the parties objected to the Court entering a final judgment as to May 11, 2007 Memorandum Opinion and Order. Accordingly, the Court certifies the May 11, 2007 Memorandum Opinion and Order for immediate appeal under Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b).

## CONCLUSION

**IT IS SO ORDERED:**

The Defendants' Motions to Alter/Vacate or Amend and/or Relief from Judgment are **DENIED**. And, pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b), the Court shall enter **FINAL JUDGMENT** as to May 11, 2007 Memorandum Opinion and Order (Dockets #98 & #99), and therefore, those entries are both final and appealable.