UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:05-CV-3-R

G.D. DEAL HOLDINGS, INC., et. al.,                                         PLAINTIFFS

v.

CINCINNATI INSURANCE COMPANY                           INTERVENOR PLAINTIFF

v.

BAKER ENERGY, INC, et. al.,                                                 DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on the Plaintiffs' Motion for Summary Judgment for Enforcement of Surety's Liability as to bonds filed with the Court in January 2005 (Docket #124). The Intervenor Plaintiff, Cincinnati Insurance Company ("Cincinnati Insurance"), has responded to that motion (Docket #125), and the Plaintiffs have replied to that response (Docket #131). This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' Motion for Summary Judgment (Docket #124) is **GRANTED**.

### BACKGROUND

The Plaintiffs initially filed this action against the Defendants in Warren County Circuit Court based on a dispute concerning real property and personal property leases connected to thirty-eight (38) gasoline stations and convenience stores located throughout western Kentucky and north-central Tennessee. It was removed to this Court on January 10, 2005. On January 14, 2005, Defendant Baker Energy, Inc. ("Baker") filed its answer and counterclaim, in which it asserted that the Plaintiffs had overcharged Baker rent and also sought injunctive relief to preclude the Plaintiffs from repossessing the property in question. In addition, three (3) bonds were issued by Cincinnati Insurance, as Surety, on behalf of Baker, as Principal, and were filed

to provide assurance to the Court that if Baker's claims were rejected and if the Court determined that no overpayments were made, Baker would make the payments as assessed by the Court.

On January 25, 2005, this Court issued an agreed preliminary injunction so that Crown Oil and Petroleum Supplies, Inc. ("Crown Oil"), who had been assigned some of Baker's interests as a tenant under the leases, could collect rent from the subtenants of the properties; Baker was a signatory to this injunction. However, on February 4, 2005, Crown Oil filed a voluntary petition of bankruptcy with the United States Bankruptcy Court for the Eastern District of Wisconsin seeking relief under Chapter 11. Eleven (11) days later, on February 15, 2005, Baker followed suit, filing a voluntary petition of bankruptcy with the United States Bankruptcy Court for the Western District of Tennessee seeking relief under Chapter 11. Both petitions were eventually dismissed. From February 2005 through August 2005, GD Deal was not able to act on and/or collect rent from the properties due to the bankruptcy proceedings.

On January 19, 2007, the Plaintiffs filed a Motion for Summary Judgment against the Defendants seeking damages for breaches of the leasing agreement. On March 15, 2007, Cincinnati Insurance filed an Intervenor Complaint and Cross Claim against the Plaintiffs seeking declaratory relief that it has no obligations to pay any claims under the bonds issued. On May 11, 2007, this Court granted the Motion for Summary Judgment filed by the Plaintiffs, awarding the Plaintiffs damages for the breaches of the leases by the Defendants, as well as finding that Baker had not been overcharged any rent by the Plaintiffs. That opinion and order are now on appeal before the Sixth Circuit Court of Appeals. The instant matter only concerns the liability of Cincinnati Insurance as Surety to the bonds it issued on behalf of Baker as

Principal, and filed with this Court in January 2005.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R.

Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The bonds issued by Cincinnati Insurance all state, in pertinent part:

Whereas the Defendant, Baker Energy, Inc., has filed a Counterclaim in this action against the Plaintiffs and has, *inter alia*, asked for a declaration of rights regarding certain alleged lease overpayments by Defendant to Plaintiffs and has declared its intent to recoup the overpayments by immediately offsetting them against future/current lease payments otherwise due to Plaintiffs from Defendant;

Whereas Defendant desires to provide assurance to the Court *that if Defendant's claims are rejected and it is determined that no overpayments have been made that the Defendants can and will make the payments determined by the Court to be due under the subject leases*. (emphasis added).

In their Motion for Summary Judgment, the Plaintiffs' contend that Pursuant to FRCP 65.1, Cincinnati Insurance's liability may be enforced by the Court without the necessity of independent action, and therefore, the Court may grant judgment against Cincinnati Insurance for its liability under the bonds. In its response, Cincinnati Insurance contends that the Plaintiffs are not entitled to recover under the bonds because: (1) Baker did not "offset" its payments, and therefore, the terms of the bonds that warrant payment by Cincinnati Insurance were not met; (2) summary judgment is not appropriate at this time because factual issues exists regarding whether or not Baker offset its payments; and (3) the injunction for which the bonds were purportedly issued was never filed by the Court. The Court shall address each of these arguments separately.

### 1. Whether Baker Offset Its Rent Overpayments

In its response to the Plaintiffs' motion for summary judgment, Cincinnati Insurance argues that summary judgment is not appropriate in this matter because the terms of the bonds have not been met, and therefore, Cincinnati Insurance is not liable under the bonds to the Plaintiffs. In particular, Cincinnati Insurance claims that because Baker never offset the bonds, a required condition for payment under the bonds to the Plaintiffs, it is not accountable for the $267,541.31 set out by the three (3) bonds. Cincinnati Insurance cites the language of bonds that states " Defendant, Baker Energy, Inc., has filed a Counterclaim in this action against the Plaintiffs...its *intent to recoup the overpayments by immediately offsetting them against future/current lease payments otherwise due to Plaintiffs from Defendant*," in support of its interpretation of the bonds. (emphasis added).

However, in their reply, the Plaintiffs correctly note that Baker did attempt to offset its claim for rent overcharge, as Baker asserted in both (1) a counterclaim against the Plaintiffs in response to the Plaintiffs' complaint that it had been overcharged rent and (2) through Surinder Multani's and Rohit Sharma's (officers of Baker who had the authority to act on behalf of Baker) response to the Plaintiffs' previous motion for summary judgment (Docket #77) that the Plaintiffs had overcharged rent to Baker in excess of $752,253.82. This Court ultimately determined that Baker was not overcharged rent by the Plaintiffs, and therefore, the Defendants' counterclaim was dismissed (Docket #98). Here, the Court finds that the Defendants' attempts to offset the alleged rent overcharges through their counterclaim and response to the Plaintiffs' first motion for summary judgment satisfied the language of the bonds for purposes of holding Cincinnati Insurance liable to the Plaintiffs, and therefore, the condition to offset was met.

In addition, even assuming that Baker did not offset the bonds, when looking at the bonds

in their entirety, their plain language suggests that if a determination as to the rent overpayments was made against Baker by the Court, the Defendants would abide by the ruling and make payments as guaranteed by the bonds. Paragraph 2, found within all three (3) bonds, states, in pertinent part: "that if Defendant's claims are rejected and it is determined that no overpayments have been made that the Defendants can and will make the payments determined by the Court to be due under the subject leases."

When interpreting the bonds, just like any other contract, "[a] fundamental rule in the construction of contracts is to determine the intention of the parties from the contract as a whole and to give it such an interpretation as will carry out that intention, and in so doing, the court may consider the subject matter of the contract, the object to be accomplished, the situation of the parties and their surrounding conditions and circumstances." *Meacham v. Louisville & N.R. Co.*, 169 S.W.2d 830, 832 (Ky. App. 1943); *see also J.P. Morgan Delaware v. Onyx Arabians II, Ltd.* 825 F. Supp. 146, 150 (W.D.Ky. 1993)("[i]n the interpretation of contracts, Kentucky courts consider the intention of the parties from the contract as a whole. *Taylor v. Rosenthal*, 308 Ky. 4, 213 S.W.2d 435 (1948)."); *U.S. v. Hardy*, 916 F. Supp. 1373, 1380 (W.D.Ky. 1995)(holding that "[i]t is a basic premise of Kentucky contract law that a contract must 'be construed according to the intentions of the parties.' In interpreting a contract, 'courts will look to the intention of the parties and will consider the subject matter of the contract, the objects to be accomplished, the situation of the parties and the conditions and circumstances surrounding them.'").

In the instant matter, the Court finds that intention of the parties, based on the interpretation of the bonds in their entirety, was for the Plaintiffs to recover on the bonds if the

6

Court determined that there was no rent overpayment as alleged by the Defendants.  As noted *supra*, the Court reached this determination in its May 11, 2007 Memorandum Opinion (Docket #98).  Accordingly, the Court finds that Cincinnati Insurance is liable under the bonds.

### 2. Factual Issues Concerning Whether Baker Offset

Cincinnati Insurance also contends that summary judgment is not appropriate at this time because factual issues exists as to whether Baker offset its alleged rent overpayments against the Plaintiffs, arguing that further discovery should take place.  However, in its response, Cincinnati Insurance also asserts that Baker has not offset the alleged rent overpayment, which contradicts its claim that factual issues exists that preclude summary judgment.  Further, the Court has determined that Baker attempted to offset the rent overpayment through its counterclaim to the Plaintiffs' complaint as well as through the response to the Plaintiffs' initial motion for summary judgment (Docket #77) by Multani and Sharma.  Lastly, the issue before this Court, the interpretation of the bonds, is similar to a contractual determination, and therefore is a question of law that should be decided by this Court. *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 670 (6th Cir. 2006); *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 704 (Ky. 2006).  Accordingly, the instant motion is properly before this Court, and therefore, summary judgment is appropriate in this matter.

### 3. Liability Based On the Granting of The Injunction

The final argument put forth by Cincinnati Insurance as to why it is not liable under the bonds is that the injunctive relief for which the bonds were purportedly issued was not granted.  Cincinnati Insurance contends that the January 25, 2005 Agreed Preliminary Injunction (Docket #11) entered by this Court, which included the signatures of the Defendants, did not grant the

relief requested by Baker; Baker had initially sought injunctive relief to prohibit the Plaintiffs from taking action to repossess the equipment subject to the leases until the Court could resolve the dispute. Ultimately, on January 25, 2005, the Court granted an Agreed Preliminary Injunction submitted by Crown Oil and Petroleum Supplies, Inc. ("Crown Oil"), who had been assigned some of Baker's interests as a tenant under the leases, permitting Crown Oil to collect rent from the subtenants of the properties.

Cincinnati Insurance argues that the Plaintiffs are not entitled to recover under the bonds because the Court granted the injunctive relief sought by Crown Oil, not Baker. However, the fact that not only Baker signed the petition through Multani and Sharma, but also that Crown Oil had been assigned the interests as a tenant under the leases, and therefore had the authority to seek injunctive relief on behalf on Baker, demonstrates that Baker accepted the relief issued by Agreed Preliminary Injunction. Once Baker signed the Agreed Preliminary Injunction submitted by Crown Oil, its earlier request for a preliminary injunction became moot. As such, the Court finds that this argument fails to preclude summary judgment in this matter.

Further, the Plaintiffs correctly point out that the bonds neither mention any request for injunctive relief nor that the bonds become effective only if the Court issues Baker's request for injunctive relief. The bonds, which were filed to provide assurance to the Court that if Baker's claims were rejected, and if the Court determined that no overpayments were made Baker would make the payments as assessed by the Court, are not subject to the Defendants' previous motion for injunctive relief. Accordingly, the Court the finds that Cincinnati Insurance's argument linking liability under the bonds to the issuance of the preliminary injunction fails to preclude summary judgment in this matter.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment (Docket #124) is **GRANTED**.

An appropriate order shall issue.