UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05-CV-00003-R

**GD DEAL HOLDINGS, LLC, et al.**                                               **PLAINTIFFS**

v.

**BAKER ENERGY, INC., et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a Motion to Reopen Case and restore it to the Court's active docket (DN 202). Defendants have filed no objections. Accordingly, this Motion is GRANTED.

Defendants have filed a Motion for an Extension of Time to File an Answer (DN 205). Plaintiffs have filed no objections. Accordingly, this Motion is GRANTED. Defendants are directed to file their answer within TEN (10) DAYS of entry of this order.

Defendants have filed a Motion to Dismiss or a Motion for Summary Judgment (DN 207). Plaintiffs have filed a response (DN 214). The Motion to Dismiss or for Summary Judgment is DENIED.

## DISCUSSION

Defendants have filed a Motion to Dismiss on three separate grounds. The Court will address the grounds individually.

### 1. Service of Process

Defendants move to dismiss the complaint on the grounds that they did not receive service of process within the time frame outlined under Federal Rule of Civil Procedure 4(m). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m). In the instant case, Defendants were aware of the case from the outset. Therefore, Defendants will suffer no prejudice in defending the case on the merits. Accordingly, the preference for deciding cases on the merits controls. *See, e.g.*, *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010). Additionally, it seems that service of process was originally delayed due to settlement talks between Plaintiffs and Defendants and attempts by Plaintiffs, as a favor to Defendants, to collect from other parties before proceeding against the instant Defendants. Since Defendants have already been served in the current action, outside of the time specified in Rule 4(m), this Court will extend the time for service and deem the previous service proper under Rule 4(m).

## 2. Release of Claims

Defendants filed an agreement whereby Plaintiff GD Deal Holdings released Defendants from all claims. In response, Plaintiffs state that there is no evidence that Defendants fulfilled their obligations under the release, including payment of $100,000. Plaintiffs have filed an affidavit in support stating they had no evidence or record showing that the required payment was actually made. In addition, Plaintiffs claim the settlement applied only to GD Deal Holdings, and would not release the claims of Girkin Development. The evidence brought forth by Plaintiffs precludes dismissal at this time. If so desired, Defendants have leave to refile this argument as a motion for summary judgment with the proper supporting evidence at the appropriate time.

## 3. Inappropriate Parties

Finally, Defendants argue that Plaintiffs were not parties to the guaranty, and therefore

cannot enforce it.  In response, Plaintiffs state that it is well established under Kentucky Law that a personal guaranty is assignable and enforceable by the assignee.  Neither side has offered evidence as to what entity currently holds the rights to the guaranty.  Given the bankruptcy of the entity that originally held the personal guaranty, Clark Retail Enterprises, Inc., there is a factual dispute as to which entity can enforce the guaranty.  Accordingly, dismissal or summary judgment are inappropriate at this time.

## CONCLUSION

The Motion to Reopen the case is GRANTED.  The Motion for an Extension of Time to file an answer is GRANTED.  Finally the Motion to Dismiss/Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.